IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MICHAEL L. STACKS**     **MOVANT**

v.     **No. 1:04CR161-SA-DAS**

**UNITED STATES OF AMERICA**     **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Michael L. Stacks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Stacks has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

Michael Stacks, who is currently serving a 360-month prison sentence for creation of visual depictions of minors engaging in sexually explicit conduct and for transportation of such images, has

filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He alleges that Congress improperly passed H.R. 3190 and, as a result, all Federal criminal crimes are improperly enacted. Thus, he argues, his criminal conviction – and all others after 1947 – are invalid. He offers various exhibits, including an email and various pages of Congressional transcripts, none of which support his motion. This argument, which appears periodically in prisoner litigation, has been labeled a "mythical story." *Goodman v. Levi*, 2007 WL 4241894, at *2 (E.D. Pa. Nov. 29, 2007). The argument is frivolous.

The "argument is predicated on the contention that Congress did not enact H.R. 3190 properly; that legislation, which became 'Public Law 80–772[,]' codified existing federal criminal laws into Title 18 of the United States Code." *Cruz v. House of Representative s of U.S.A*., 301 F. Supp. 3d 75, 76 (D.D.C. 2018), aff'd sub nom. *Cruz v. House of Representatives of U.S.A*., 2019 WL 667154 (D.C. Cir. Jan. 31, 2019).

The *Goodman* Court explained:

> The United States District Court for the Eastern District of Kentucky has traced the genesis of this "recess" story to a letter written by a Congressional clerk on June 28, 2000. That court did not discuss the context of the letter, except to say that it described an allegedly unusual pattern of Congressional adjournments in June 1948. It seems that somehow this letter led to the "recess" rumor, which subsequently has spread unchecked among prisoners and jailhouse lawyers throughout the country. See *Mullican v. Stine* 2007 WL 1193534 (E.D.Ky. Apr.23, 2007); *Campbell v. Gonzalez*, 2007 WL1035021 (E.D.Ky. Mar. 29, 2007); *Goncalves v. Gonzalez*, 2007 WL 628142 (E.D.Ky. Feb.26, 2007).

*Id*. (internal citations included)

In *Cruz*, the District Court for the District of Columbia recently rejected this argument again, noting:

> It appears that this assertion "is one of the jailhouse lawyers' arguments *du jour*[,]" *United States v. Schultz*, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007), and federal courts across the country have uniformly rejected this theory as "frivolous[,]" *United States v. Potts*, 251 Fed.Appx. 109, 111 (3d Cir. 2007), or, at most, "factually

> incorrect[,]" *United States v. Campbell*, 221 Fed.Appx. 459, 461 (7th Cir. 2007); *see also, e.g., United States v. White Bull*, 2015 WL 13515952, at *5 (D.N.D. July 29, 2015) ("[I]t is clear that Title 18 of the United States Code and 18 U.S.C. § 3231 were constitutionally passed." (citations omitted) ); *Perkins v. United States*, 2013 WL 3958350, at *4 (Fed. Cl. July 31, 2013) (concluding that "the argument that the fact that less than a quorum of the House participated in a vote on an amendment to a bill means that less than a quorum was present when the bill was approved ... is, in a word, frivolous"); *Cardenas–Celestino v. United States*, 552 F.Supp.2d 962, 968 (W.D. Mo. 2008) (holding that a *habeas* petitioner's claims that Public Law 80–772 is invalid are "a frivolous and total contrivance"). To be sure, the D.C. Circuit has not yet opined on the oft-made assertion "that Public Law 80–772 was not enacted in a constitutional manner[,]" but this Court finds no reason to depart from the well-settled and broadly adopted conclusion that such claims "are without a shred of validity[.]" *United States v. Felipe*, 2007 WL 2207804, at *1–2 (E.D. Pa. July 30, 2007).

*Cruz*, 301 F. Supp. 3d at 77 (internal quotations and citations included). As the other courts having addressed this argument have concluded, it is utterly unsupported and, thus, frivolous.

## Conclusion

For the reasons set forth above, the instant motion to vacate, set aside, or correct sentence will be dismissed as frivolous. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of August, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE